Edward D. Totino (SBN 169237)
edward.totino@bakermckenzie.com
Peter Shapiro (SBN 340226)
peter.shapiro@bakermckenzie.com
**BAKER & McKENZIE LLP**
10250 Constellation Blvd., Suite 1850
Los Angeles, California 90067
Telephone: +1 310 201 4728
Facsimile: +1 310 201 4721

Attorneys for Defendant
CONCENTRIX CORPORATION

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ESPARZA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONCENTRIX CORPORATION, a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. '22CV1994 DMS KSC<br><br>**NOTICE OF REMOVAL BY DEFENDANT CONCENTRIX CORPORATION**<br><br>(Removed from San Diego County Superior Court, Case No. 37-2022-00042499-CU-MT-CTL) |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant CONCENTRIX CORPORATION, a Delaware corporation, ("Defendant") hereby removes to this Court pursuant to 28 U.S.C. §1332(d), 1441, and 1446, as amended in relevant part by the Class Action Fairness Act of 2005 ("CAFA"), this action, which was originally filed in the Superior Court of California in the County of San Diego and assigned Case No. 37-2022-00042499. The grounds for removal are set forth herein.

## I. BACKGROUND

On October 21, 2022, Plaintiff Miguel Esparza ("Plaintiff") commenced a putative class action in the Superior Court of the State of California for the County of San Diego. True and correct copies of the state court docket, as well as the Complaint, Summons and other filings are attached hereto as **Exhibits A-G.** On November 23, 2022, Plaintiff filed an Amended Complaint. (Exhibit G.) The Amended Complaint alleges two causes of action, one for violation of California Penal Code § 631 and one for violation of California Penal Code § 632.7. (Exhibit G, ¶¶ 33, 41.) The Amended Complaint seeks statutory damages pursuant to the California Invasion of Privacy Act. *See* Cal. Pen. C. § 637.2; (Exhibit G, ¶¶ 33, 41.)

The proposed class consists of "[a]ll persons within the United States who: (1) visited Defendant's website, and (2) whose electronic communications were recorded, stored, and/or shared by Defendant without prior express consent within the statute of limitations period." (Exhibit G, ¶ 22.) Plaintiff alleges that the number of class members is "in the thousands, if not more." (Exhibit G, ¶ 23.)

The Amended Complaint was served by email on Defendant on December 4, 2022. Defendant has not filed an Answer or responsive pleading to the Amended Complaint.

///

## II. THIS COURT HAS JURISDICTION UNDER CAFA

Defendant removes the State Court Action pursuant to CAFA, codified under 28 U.S.C. §1332(d). CAFA provides this Court with original jurisdiction of this Action, permitting Defendant to remove the State Court Action from the California state court to this Court.

There is no "antiremoval presumption" under CAFA, "which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). The Ninth Circuit has instructed that "Congress intended CAFA to be interpreted expansively." *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

CAFA vests district courts with original jurisdiction over class actions where: (1) the number of proposed class members is not less than 100; (2) any member of the proposed plaintiff class is a citizen of a state different from any defendant; and (3) the aggregate amount in controversy exceeds $5 million, excluding interest and costs. 28 U.S.C. § 1332(d). These requirements are satisfied in this Action, as set forth below. Neither the permissive nor mandatory provisions of CAFA for declining original jurisdiction are applicable to this Action. Accordingly, federal jurisdiction is mandatory under CAFA.

### A. CLASS ACTION

The State Court Action is a class action as defined by CAFA. CAFA provides:

> [T]he term "class action" means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action.

28 U.S.C. § 1332(d)(1)(B).

Plaintiff filed the State Court Action as a putative class action on behalf of himself and a proposed class of plaintiffs, under California Code of Civil Procedure § 382. (Exhibit G, ¶¶ 23-30.)

The California rule governing the maintenance of class actions, California Code of Civil Procedure § 382, is analogous to Federal Rule of Civil Procedure 23. The State Court Action therefore falls within the definition of a "class action" under CAFA.

### B.  THE PUTATIVE CLASS EXCEEDS 100 MEMBERS

In the Amended Complaint, Plaintiff purports to represent a nationwide class of individuals who visited Defendant's website and whose electronic communications were recorded by Defendant without prior express consent. (Exhibit G, ¶ 22.) Plaintiff alleges that the number of class members is "in the thousands, if not more." (Exhibit G, ¶ 23.) On these grounds, CAFA's minimum putative class size of 100 members is satisfied.

### C.  DIVERSITY OF CITIZENSHIP UNDER CAFA IS SATISFIED

CAFA requires only minimal diversity, and in class action lawsuits, "[t]he district courts shall have original jurisdiction of any civil action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). For purposes of diversity, a corporation is deemed to be a citizen of (1) the state under whose laws it is organized; and (2) the state of its "principal place of business." 28 U.S.C. § 1332(c)(1).

Here, Defendant is incorporated in Delaware and headquartered in California. Plaintiff purports to be a citizen of California residing in San Diego County. (Exhibit G, ¶ 4.) But because CAFA only requires minimal diversity, if a *single* member of Plaintiff's purported *nationwide* class is a citizen of a state other than California or Delaware, the minimal diversity requirement is satisfied. *Miss. ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 165 (2014). Because Plaintiff alleges a nationwide class, the class includes putative class members from states other than Delaware and California.

### III. THIS NOTICE OF REMOVAL IS TIMELY

Plaintiff's original Complaint in this Action was not removable because it alleged only a California class and there was not minimal diversity between the parties as required by CAFA. In contrast, Plaintiff's Amended Complaint included nationwide class allegations. (Exhibit G, ¶ 22.) As a result of this new class definition, this case now involves the diversity of parties required by 28 U.S.C. 1332 (d)(2) and is removable. Plaintiff served the Amended Complaint on Defendant by email on December 4, 2022. Defendant removed this Action within 30 days of receipt of the Amended Complaint.

WHEREFORE, Defendant respectfully submits that (1) CAFA applies to this action because the proposed class contains at least 100 members; (2) at least one member of the proposed class is a citizen of a state different than a defendant's state of citizenship; (3) the aggregate amount in controversy exceeds $5 million; and (4) the procedural requirements under 28 U.S.C. § 1446 are met. For these reasons, this Action is properly removed to this Court.

Dated: December 15, 2022                    **BAKER & McKENZIE LLP**

By: s/ Edward D. Totino
Edward D. Totino
Attorneys for Defendant
CONCENTRIX CORPORATION
edward.totino@bakermckenzie.com